BURKE, DBA RANCH ACRES LIQUORS, ET AL. *v.*
FORD ET AL., DBA ALL BRANDS SALES CO., ET AL.

No. 632.   Decided December 11, 1967.

*Robert S. Rizley* for petitioners.
*Irvine E. Ungerman* for respondents.

PER CURIAM.

Petitioners, Oklahoma liquor retailers, brought this
action under § 1 of the Sherman Act, 26 Stat. 209, 15
U. S. C. § 1, to enjoin an alleged state-wide market
division by all Oklahoma liquor wholesalers.   The trial
judge, sitting without a jury, found that there had in
fact been a division of markets—both by territories and
by brands.   The court nevertheless entered judgment for

the wholesalers because, among other reasons, it found that the interstate commerce prerequisite of the Sherman Act was not satisfied. The Court of Appeals affirmed upon the sole ground that "the proof was entirely insufficient to show that the activities complained of were in or adversely affected interstate commerce." 377 F. 2d 901, 903.

There are no liquor distilleries in Oklahoma. Liquor is shipped in from other States to the warehouses of the wholesalers, where it is inventoried and held until purchased by retailers. The District Court and the Court of Appeals found that the liquor "came to rest" in the wholesalers' warehouses and that interstate commerce ceased at that point. Hence, they concluded that the wholesalers' division of the Oklahoma market did not take place "in interstate commerce." But whatever the validity of that conclusion, it does not end the matter. For it is well established that an activity which does not itself occur *in* interstate commerce comes within the scope of the Sherman Act if it substantially *affects* interstate commerce. *United States* v. *Employing Plasterers Association*, 347 U. S. 186; *Mandeville Island Farms, Inc.* v. *American Crystal Sugar Co.*, 334 U. S. 219.

Recognizing this, the District Court went on to find that the wholesalers' market division had no effect on interstate commerce, and the Court of Appeals agreed. The Court of Appeals held that proof of a state-wide wholesalers' market division in the distribution of goods retailed in substantial volume [1] within the State but produced entirely out of the State was not by itself sufficient proof of an effect on interstate commerce. We disagree. Horizontal territorial divisions almost invariably reduce competition among the participants. *Addyston Pipe & Steel Co.* v. *United States*, 175 U. S. 211; *United States*

---

[1] Between $44 and $45 million in wholesale purchases in 1964.

v. *Sealy, Inc.,* 388 U. S. 350.   When competition is reduced, prices increase and unit sales decrease.   The wholesalers' territorial division here almost surely resulted in fewer sales to retailers—hence fewer purchases from out-of-state distillers—than would have occurred had free competition prevailed among the wholesalers.[2] In addition the wholesalers' division of brands meant fewer wholesale outlets available to any one out-of-state distiller.   Thus the state-wide wholesalers' market division inevitably affected interstate commerce.

The petition for certiorari is granted and the judgment of the Court of Appeals is reversed.   The case is remanded to that court for further proceedings consistent with this opinion.

MR. JUSTICE HARLAN concurs in the result.

---

[2] The Court of Appeals stressed the fact that unit sales to the wholesalers increased (885,976 cases to 891,176 cases) from 1963 to 1964 while the market division was in effect.   But if there had been free competition among the wholesalers—all other things being equal—presumably sales to them would have increased even more.

The increase in liquor sales noted by the Court of Appeals was 0.6%; during the same period total personal income in Oklahoma increased from $4,880 million to $5,220 million, an increase of 7.0%. Table 1, Survey of Current Business, p. 30, Office of Business Economics, Department of Commerce (August 1967).   Adjusting for concurrent price inflation (see Table 8.1, Survey of Current Business, p. 42 (July 1967)), the increase in real personal income was approximately 5.7%.