**Laurence KALLEN and Lola M. Hale, Plaintiffs,**

v.

**NEXUS CORPORATION, an Illinois corporation, et al., Defendants.**

**No. 71 C 569.**

United States District Court,
N. D. Illinois, E. D.
Jan. 18, 1973.

**34**

Barry M. Fisher and Kenneth H. Fisher, Chicago, Ill., for plaintiffs.

Ronald Butler and Chester W. Nosal, of Winston & Strawn, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND JUDGMENT ORDER

AUSTIN, District Judge.

Plaintiffs have brought this five count class action, seeking relief from defendants' alleged violations of the Sherman and Clayton Antitrust Acts. Count I asserts that defendants possess an illegal monopoly of the market consisting of those applicants for the Illinois bar examination who take a bar review course. Clayton Act § 7, 15 U.S.C. § 18 (1970). Counts II and III accuse defendants of engaging in predatory practices and monopolistic restraints of trade in order to prevent competitors, particularly The Michigan Bar Review Center, from entering the relevant market. Sherman Anti-Trust Act §§ 1 and 2, 15 U.S. C. §§ 1 and 2 (1970). Count IV alleges that defendants illegally tie the lease of written course materials to the sale of their course by offering to credit the rental charged for the lease against the tuition charged for the course. Clayton Act § 3, 15 U.S.C. § 14 (1970). Finally, Count V asserts that the above acts were done in furtherance of a combination and conspiracy to monopolize the relevant bar review market. Sherman Anti-Trust Act §§ 1 and 2, 15 U.S.C. §§ 1 and 2 (1970). Defendants have moved to dismiss the complaint for lack of subject matter jurisdiction on the grounds that the acts complained of do not affect or occur in interstate commerce. For the reasons stated below, this court grants defendants' motion and dismisses the complaint.

After extensive discovery proceedings, it appears from the parties' briefs and affidavits [1] that the basic, jurisdictional facts of this case are undisputed. The individual and corporate defendants are in the business of preparing prospective attorneys for the bar examination in Illinois and several other states. Nexus Corp. and Bar Review, Inc. (hereinafter BRI) are incorporated under the laws of the State of Illinois and maintain offices in Chicago, the principal location from which defendants manage and supervise their multi-state activities. BRI, a wholly owned subsidiary of Nexus Corp., merged with a competitor in 1968 and since then it has offered the only bar review course in Illinois. It is this monopoly that plaintiffs seek to challenge.

Despite the fact that the complaint is directed at a monopoly existing solely within the State of Illinois and that in a companion case one of the judges of this court has already found the requisite element of interstate commerce to be lacking,[2] plaintiffs nevertheless attempt to invoke federal jurisdiction under either the "in commerce" or "affect commerce" theory [3] by focus-

---

1. There is no bar to the consideration of matters beyond the pleadings when they are presented, as the affidavits here, with a motion to dismiss for lack of jurisdiction under Rule 12(b)(1). Pintozzi v. Scott, 436 F.2d 375, 378 n. 3 (7th Cir. 1970). 2A Moore's Federal Practice ¶ 1209.

2. Michigan Bar Review Center, Inc. v. Nexus Corp., 5 Trade Reg.Rep. ¶ 73,891 (N.D.Ill.1972).

3. As explained by the court in Las Vegas Merchant Plumbers Ass'n v. United States, 210 F.2d 732 (9th Cir. 1954) at

ing upon four interstate aspects of defendants' business. First, plaintiffs note that defendants solicit customers for their Illinois course in many states, that BRI and the non-Illinois bar review courses exchange referrals and contacts, and that all of defendants' employees are paid from Illinois. Further, some BRI students take the course while living out of state and in Washington, D. C. students may prepare for the multistate bar examination while still in school and then complete the rest of their course when they return to their home states. Second, parts of the Illinois course are prepared by out of state faculty, some of whom travel to Illinois to lecture. In addition, some of the materials prepared for the Illinois course are modified for use in other states. Third, the profits of the Illinois monopoly are used to finance defendants' operations out of state.

Next, if the above three aspects of defendants' business are not found to occur within the relevant stream of interstate commerce, plaintiffs claim that these activities substantially affect commerce because out of state competitors, like The Michigan Bar Review Center, are prevented from expanding into Illinois. The asserted effects on interstate commerce include a restriction on the flow of course materials shipped into Illinois, impairment of The Michigan Bar Review Center's ability to hire the same professors as those employed by BRI, restraint on the free choice of Illinois students in choosing a bar review course, and a lessening of competition in other states. Plaintiffs also allege that interstate travel is affected because BRI activities affect the ability of BRI students to practice in federal court and

to gain reciprocal admission to practice law in other states.

But, whether plaintiffs seek to characterize defendants' activities as occurring in the stream of commerce or as affecting a stream of commerce, their efforts in this case must fail because, "The test of jurisdiction is not that the acts complained of affect a business engaged in interstate commerce, but that the conduct complained of affects the interstate commerce of such business." Page v. Work, 290 F.2d 323 (9th Cir. 1961), cert. denied, 368 U.S. 875, 82 S.Ct. 121, 7 L.Ed.2d 76. Thus, in *Page* the court held that the publication of legal notices and advertising in Los Angeles County neither occurred in the course of interstate commerce nor affected interstate commerce in newsprint, ink, and advertising. *Accord,* Yellow Cab Co. of Nevada v. Cab. Emp., Auto., & W. Local #881, 457 F.2d 1032 (9th Cir. 1972); Sun Valley Disposal Co. v. Silver State Disposal Co., 420 F.2d 341 (9th Cir. 1969); Lieberthal v. North Country Lanes, Inc., 332 F.2d 269 (2d Cir. 1964); Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal, 5 Trade Reg.Rptr. ¶ 73,958 (N.D.Ill.1972); Bailey's Bakery, Ltd. v. Continental Baking Co., 235 F.Supp. 705 (D.Hawaii 1964), aff'd per curiam, 401 F.2d 182 (9th Cir. 1968), cert. denied, 393 U.S. 1086, 89 S.Ct. 874, 21 L.Ed.2d 779 (1969).

 In the instant case, the allegedly illegal conduct occurs in a market consisting of those applicants for the Illinois bar examination who take a bar review course. Complaint ¶ 12. It is undisputed that the BRI course is given only in the State of Illinois, that the vast majority of students who take it have Illi-

739 n. 3, cert. denied 348 U.S. 817, 75 S.Ct: 29, 99 L.Ed. 645 (1954):
A case under the antitrust laws, so far as the interstate commerce element is concerned may rest on one or both of two theories:
(1) That the acts complained of, occurred within the flow of interstate commerce. This is generally referred to as the "in commerce" theory.

(2) That the acts complained of, occurred wholly on the state or local level, in intrastate commerce, but substantially *affected* interstate commerce. Under both of these theories, the transactions complained of must *affect or have an effect* on interstate commerce or the requirements of the statute are not satisfied.

nois residences,[4] that they are preparing for the Illinois bar examination administered by the Illinois Board of Law Examiners, and that upon passing the examination a person is entitled to receive a license to practice law only in the State of Illinois. Reliance upon the flow in commerce of such incidental activities as advertising, solicitation, preparation of course materials, and the travel of non-Illinois lecturers will not alter the intrastate character of the course itself. Hence, the acts complained of occur in a market that is located wholly within the State of Illinois and is neither in the flow of interstate commerce or at either end of that flow.

■ However, plaintiffs have alternatively asserted that even if this conduct occurs in a market that is wholly intrastate, federal jurisdiction may be predicated upon a showing that the conduct substantially affects interstate commerce. Burke v. Ford, 389 U.S. 320, 88 S.Ct. 443, 19 L.Ed.2d 554 (1967). This theory, too, must fail because the asserted effects on interstate commerce here are merely incidental to defendants' local activities. Sun Valley Disposal Co. v. Silver State Disposal Co., *supra*; Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal, *supra*. Thus, alleging that defendants offer bar review courses in several states is irrelevant to a complaint asserting injury to customers in the Illinois market. That there may be nationwide competition for students and lecturers, whose travel across state lines may be influenced by local conditions, is incidental to defendants' business and irrelevant to this court's jurisdiction. Moreover, the suggestion that the interstate movement of students confers antitrust jurisdiction over purely local con-

duct was firmly rejected in Marston v. Ann Arbor Property Managers Ass'n, 302 F.Supp. 1276 (E.D.Mich.1969), aff'd per curiam, 422 F.2d 836 (6th Cir. 1970), cert. denied, 399 U.S. 929, 90 S.Ct. 2244, 26 L.Ed.2d 796. In addition, whatever effect the BRI monopoly may have upon a student's decision to practice law in Illinois is deemed too remote for federal jurisdictional purposes and is purely speculative upon the facts presented to this court. Furthermore, the fact that an intrastate business has customers who come from another state before receiving local services does not in itself show any effect on interstate commerce. Elizabeth Hospital, Inc. v. Richardson, 269 F.2d 167 (8th Cir. 1958), cert. denied, 361 U.S. 884, 80 S.Ct. 155, 4 L.Ed. 2d 120 (1959); Spears Free Clinic and Hospital for Poor Children v. Cleere, 197 F.2d 125 (10th Cir. 1952); Hotel Phillips, Inc. v. Journeymen Barbers, 195 F. Supp. 664 (W.D.Mo.1961), aff'd per curiam, 301 F.2d 443 (8th Cir. 1962).

■ Next, the complaint alleges that BRI solicits applications from out of state students. However, interstate solicitation does not necessarily constitute interstate commerce and in any event the solicitation activity here is merely incidental to the conduct of the course itself, which is the conduct complained of. Cotillion Club, Inc. v. Detroit Real Estate Board, 303 F.Supp. 850 (E.D.Mich.1964). Allegations of minor or insignificant effects on interstate commerce will simply not support this court's jurisdiction. Lieberthal v. North Country Lanes, Inc., *supra*; Sun Valley Disposal Co. v. Silver State Disposal Co., *supra*; Page v. Work, *supra*. Finally, plaintiffs' reliance upon cases involving federal jurisdiction over state bar examination statutes [5] is sim-

---

4. According to the figures contained in the June 3, 1972 affidavit of defendant Conviser, since August 1971 approximately 2% of BRI's students listed residence addresses outside of the State of Illinois. This is inadequate to establish federal jurisdiction under the facts of this case. Gordon v. Illinois Bell Telephone Co., 330 F.2d 103 (7th Cir. 1964), cert. denied, 379 U.S. 909, 85 S.Ct. 197,

13 L.Ed.2d 182; Evanston Cab Co. v. City of Chicago, 325 F.2d 907 (7th Cir. 1963), cert. denied, 377 U.S. 943, 84 S.Ct. 1349, 12 L.Ed.2d 306 (1964). *See generally* Eiger, The Commerce Element in Federal Antitrust Litigation, 25 Fed.B.J. 282 (1965).

5. Potts v. Honorable Justices of the Supreme Court of Hawaii, 332 F.Supp. 1392

ply misplaced because those suits were brought to vindicate alleged violations of civil rights under 42 U.S.C. § 1983 (1970), jurisdiction for which does not involve interstate commerce.

In conclusion, similar issues were before Judge Bauer when he wrote the 1972 opinion in Michigan Bar Review Center, Inc. v. Nexus Corp., *supra,* a case that was brought by the employer of one of the plaintiffs herein. After the passage of nearly a year and the expenditure of much effort on discovery, plaintiffs have proved only that Judge Bauer's ruling was correct and accurate when he stated at 5 Trade Reg.Reptr. ¶ 73,891 at 91,703–04:

> The service Defendant provides, within the distinct submarket, is distinctly local.
>
> . . . . . .
>
> Defendant's activities in Illinois have only an indirect effect on other bar review markets and on interstate commerce.

I can only add this reminder from the Seventh Circuit, "Monopolies, as such, the federal government has no control over; only when a monopoly of some part of interstate commerce is involved does jurisdiction attach to the federal government." Peto v. Howell, 101 F.2d 353, 359 (7th Cir. 1938)

Case dismissed.

(D.Hawaii 1971); Lipman v. Van Zant, 329 F.Supp. 391 (N.D.Miss.1971); Keenan v. Board of Law Examiners of State of North Carolina, 317 F.Supp. 1350 (E.D.N.C.1970).