United States Court of Appeals,

Fifth Circuit.

No. 92–2003

Summary Calendar.

Gralyn A. ANCAR, Plaintiff–Appellant,

v.

SARA PLASMA, INC., et al., Defendants–Appellees.

June 30, 1992.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, KING and WIENER, Circuit Judges.

POLITZ, Chief Judge:

Gralyn A. Ancar appeals the dismissal of his unfair business practice claims against three blood plasma centers. Finding that dismissal of Ancar's antitrust claims was an abuse of discretion but agreeing that the remaining claims are not actionable, we vacate in part, affirm in part, and remand for proceedings consistent herewith.

Background

Ancar filed a *pro se* petition against Sara Plasma, Inc., American Plasma Services, Inc., and Delta Biological Plasma Center alleging multiple claims of wrongful business practices associated with the purchase and sale of human plasma. He pleads that he is a homeless person dependent on the sale of plasma for his livelihood and that the defendants' illegal practices deprive him of income. He alleges that the plasma centers commit common-law fraud by characterizing plasma sellers as donors and by forcing adhesion cont racts upon them. He asserts that this fraud is perpetrated in advertising violative of the Lanham Trade–Mark Act.[1] He also contends that plasma donors are not paid an equitable price due to uneven bargaining power, that the plasma centers have conspired to

---

[1] 15 U.S.C. § 1125.

fix prices and have employed unfair business practices in violation of federal antitrust laws,[2] unfairly manipulating the incentive plans and discriminating against all plasma donors. The district court denied Ancar's motion to certify a class of all plasma donors and dismissed the action as frivolous. Ancar timely appealed.

Analysis

A section 1915(d) dismissal is reviewed for abuse of discretion.[3] A complaint may be dismissed as frivolous if it lacks an arguable basis in fact and law. The *in forma pauperis* statute, in contrast to Fed.R.Civ.P. 12(b)(6), empowers the court to pierce the veil of the complaint's factual allegations if they are clearly baseless.[4] In *Denton v. Hernandez,* the Supreme Court "decline[d] the invitation to reduce the "clearly baseless' inquiry to a monolithic standard."[5] Examples of complaints within the clearly baseless category are those which describe fanciful, fantastic, or delusional scenarios. A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes.[6] In addition, as a general rule, antitrust allegations are liberally construed.[7]

To bring a private right of action to enforce the Sherman Act, a plaintiff must demonstrate

---

[2]Sherman Antitrust Act, 15 U.S.C. §§ 1, 2; Clayton Act, 15 U.S.C. § 15.

[3]*Denton v. Hernandez,* —— U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

[4]*Id.*

[5]112 S.Ct. at 1734.

[6]*Id.*

[7]*Mahone v. Addicks Utility District of Harris County,* 836 F.2d 921 (5th Cir.1988); *Carpenters Local Union # 1846 v. Pratt–Farnsworth, Inc.,* 690 F.2d 489 (5th Cir. Unit B 1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983).

standing under section 4 of the Clayton Act, 15 U.S.C. § 15.[8] The private claimant must show injury to "business or property" of a type the antitrust laws were intended to prevent. Pleadings need not explain how the injury occurred; that the claimant sustained injury to business or property is a sufficient allegation.[9] Ancar pleads that he depends for his livelihood on the regular sale of his plasma and that the defendants' illegal practices have prevented him from receiving fair consideration. Ancar has alleged sufficient personal pecuniary loss to sustain his antitrust claim.

Section 1 of the Sherman Act declares illegal "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States...."[10] The elements required to state a section 1 claim are: (1) the existence of a conspiracy (2) affecting interstate commerce (3) that imposes an unreasonable restraint of trade.[11]

To satisfy the first element, pleadings must contain charges of the defendants' conspiracy and factual allegations that would support such a claim.[12] Ancar's complaint repeatedly charges that the defendants have conspired with each other and with national pharmaceutical companies in horizontal and vertical price-fixing schemes designed to keep the purchase price of plasma artificially low. He alleges that the defendants have succeeded in depressing the price by agreeing not to set the price based on market demand. The pleadings include examples of the standardized price range scale and

---

[8]*Reiter v. Sonotone Corp.,* 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979); *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* —— F.2d ——, Nos. 90–2722, 90–2761, 91–2135 (5th Cir. May 15, 1992); *Park v. El Paso Board of Realtors,* 764 F.2d 1053 (5th Cir.1985), *cert. denied,* 474 U.S. 1102, 106 S.Ct. 884, 88 L.Ed.2d 919 (1986); *Jayco Systems, Inc. v. Savin Business Machines Corp.,* 777 F.2d 306 (5th Cir.1985), *cert. denied,* 479 U.S. 816, 107 S.Ct. 73, 93 L.Ed.2d 30 (1986). 15 U.S.C. § 15 provides in part, "[A]ny person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor ... and shall recover threefold the damages by him sustained...."

[9]*Dillard.*

[10]15 U.S.C. § 1.

[11]*Dillard, supra,* n. 6.

[12]*Dillard.*

the standard consent form language which have resulted from the alleged illegal trade practices. The pleadings also name a Louisiana pharmaceutical company allegedly involved in the vertical price-fixing conspiracy. According to Ancar, this company and other national pharmaceutical companies insure an artificially low price of plasma by investing in and controlling local plasma centers, including the defendants. The end result is that both the purchase and sale prices of plasma are kept artificially low. The *pro se* pleadings are legally sufficient and factually plausible as to the first requisite.

Regarding the second element, the district court found that Ancar had not set forth federal jurisdiction. As an antitrust claimant, Ancar has the burden of establishing that the alleged proscribed practices affect interstate commerce.[13] An interstate impact need not be intentional but, rather, may be indirect or fortuitous. The interstate effect need not have occurred if the planned conspiracy would have harmed interstate commerce.[14] In cases involving agreements to fix prices, a showing that the alleged conspiracy would impede a specified measure of interstate commerce is not necessary; one need only show that an impediment to competition would occur in an interstate marketplace.[15]

Ancar pleads that:

> The Defendants herein are and have conspired in a "loose-association" to maintain and perpetuate such violations as "horizontal price fixing," "vertic[al] price fixing," "actionable fraud" and a number of other inequitable business practices unlawfully impacting trade and commerce affecting intra-state and inter-state commercial aspects of the Defendants' plasmapheresis business activities.

The complaint contains names, corporate addresses, and annual sales revenue estimates of California,

---

[13]*Cowan v. Corley,* 814 F.2d 223 (5th Cir.1987).

[14]*Summit Health, Ltd. v. Pinhas,* —— U.S. ——, 111 S.Ct. 1842, 114 L.Ed.2d 366 (1991).

[15]*Id.* (citing *McLain v. Real Estate Board of New Orleans, Inc.,* 444 U.S. 232, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980); *Burke v. Ford,* 389 U.S. 320, 88 S.Ct. 443, 19 L.Ed.2d 554 (1967)); *see also Fuentes v. South Hills Cardiology,* 946 F.2d 196, 199 (3d Cir.1991) ("[T]he Supreme Court made clear in *Summit Health, Ltd. v. Pinhas,* that a quantification of interstate commerce is not necessary in order to satisfy th[e] jurisdictional element.").

Nebraska, and Tennessee pharmaceutical companies allegedly involved in the unlawful price-fixing. The vertical price-fixing allegation names a Louisiana corporation as a conspirator. Ancar cites Food and Drug Administration regulations and reports demonstrating that plasma centers are located among the several states. He provides the name and address of the federal Food and Drug Administration office which licensed the defendants and the name of the applicable national trade association. Ancar also pleads that he sells his blood in interstate commerce. We find that Ancar's specific description of the national market affected by the alleged proscribed practices constitutes sufficient pleadings of antitrust jurisdiction.

Finally, section 1 of the Sherman Act proscribes only unreasonable restraints of trade.[16] Although most restraints are analyzed pursuant to a "rule of reason," some trade agreements are so egregiously anti-competitive that they are conclusively presumed illegal without further examination.[17] Price-fixing agreements among competitors fall within the *per se* unreasonable category.[18] Ancar's detailed explanation of the defendants' price-fixing sufficiently alleges this element.

Section 2 of the Sherman Act forbids the attempt, conspiracy, or act of monopolizing "any part of the trade or commerce among the several States[.]"[19] The offense of monopoly has two elements: (1) possession of monopoly power in the relevant market, and (2) the willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a

---

[16]*Business Electronics Corp. v. Sharp Electronics Corp.,* 485 U.S. 717, 108 S.Ct. 1515, 99 L.Ed.2d 808 (1988); *United States v. All Star Industries,* —— F.2d ——, No. 91–2439 (5th Cir. May 28, 1992).

[17]*Broadcast Music, Inc. v. Columbia Broadcasting System, Inc.,* 441 U.S. 1, 99 S.Ct. 1551, 60 L.Ed.2d 1 (1979); *see also Business Electronics,* 485 U.S. at 723–24, 108 S.Ct. at 1519 ("Certain categories of agreements, however, have been held to be per se illegal, dispensing with the need for case-by-case evaluation.").

[18]*Broadcast Music; All Star Industries.*

[19]15 U.S.C. § 2.

superior product, business acumen, or historic accident.[20]  Ancar alleges that Sara Plasma, Inc. and American Plasma Services, Inc. have approximately one-third and two-thirds, respectively, of the metropolitan Houston, Texas area market, and that Delta Biological Plasma Center and American Plasma Services, Inc. share the Pasadena, Texas market area equally.  The complaint states that this monopoly power was not based on "historical accident," "superior technical skills," or "highly advanced business acumen," but rather is the product of "extensive exercise of anti-competitive conduct to exploit [blood donors] and unduly restrict competition by manipulating the "free market forces' to insure the Defendants economically superior market positions and bargaining power."  Ancar's pleadings adequately state a section 2 antitrust violation.

All of the elements of sections 1 and 2 Sherman Act claims are pleaded and the factual allegations are within the reasonable bounds of credulity.  The dismissal of the claims as frivolous constituted an abuse of discretion.

We agree that Ancar's remaining claims are frivolous as a matter of law.  The common-law fraud and Lanham Trade–Mark Act violation claims allege illegality in the defendants' use of the word "donor" to describe plasma sellers.  As a seller, Ancar could not possibly be misled by this description.  His complaints that the defendants have greater bargaining power and that the sales agreements are adhesion contracts have no legal relevance as Ancar does not bring a contract action for breach or rescission.  Ancar's allegations that the defendants have discriminated against or treated blood donors poorly are not actionable complaints.

A ruling on class certification is to be affirmed absent an abuse of discretion.[21]  We find no abuse, as Ancar has not made a credible showing that his representation of all blood donors could

[20]*Jayco*;  *C.E. Services, Inc. v. Control Data Corp.,* 759 F.2d 1241 (5th Cir.), *cert. denied,* 474 U.S. 1037, 106 S.Ct. 604, 88 L.Ed.2d 583 (1985).

[21]*Shivangi v. Dean Witter Reynolds, Inc.,* 825 F.2d 885 (5th Cir.1987);  *Mitchell v. Johnston,* 701 F.2d 337 (5th Cir.1983).

"fairly and adequately protect [their] interests."[22]

We AFFIRM dismissal of Ancar's claims, other than the antitrust claim, and AFFIRM the court's refusal to certify a class of all area plasma donors. As to the antitrust claims we VACATE AND REMAND for further proceedings consistent herewith.

---

[22]Fed.R.Civ.P. 23(a).