United States Court of Appeals,

Fifth Circuit.

No. 92-1848

Summary Calendar.

Fred Garcia SANDOVAL, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

Jan. 13, 1993.

Appeal from the United States District Court for the Northern District of Texas.

Before HIGGINBOTHAM, SMITH, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

## FACTS:[1]

Fred Garcia Sandoval, plaintiff, was serving a 78 month sentence at the Fort Worth Federal Correctional Institution when he was released into the custody of the United States Marshal for the Western District of Texas by writ of habeas corpus ad testificandum. Sandoval was transferred to San Antonio for the purpose of giving testimony in federal court and was housed in the Central Texas Violators Facility (CTVF) which was run by the Wackenhut Corporation.

On June 4, 1990, Sandoval was in CTVF when a Wackenhut employee, guard Tommicine Stevens, intentionally began antagonizing inmate Bobby Salazar by repeatedly increasing the volume of the television set while Salazar was attempting to sleep. Salazar became infuriated by this and attacked Sandoval thinking that it was Sandoval rather than Stevens adjusting the television. As a result of this attack, Sandoval's nose, cheek bone and front teeth were broken and his ribs were bruised.

Sandoval, acting pro se, filed suit in the United States District Court for the northern District of Texas under the Federal Tort Claims Act (FTCA) based on the above incident seeking

_____

[1]The facts surrounding Sandoval's injury were set out in his original complaint as well as in his brief on appeal. Both versions are essentially the same.

$10,000,000 in damages from the federal government. Sandoval was given leave to proceed in forma pauperis (IFP). The magistrate judge assigned to this matter issued her recommendation that the case be dismissed as frivolous for two reasons. First, she stated that Sandoval's injuries were the result of an assault and battery at the hands at someone other than an investigative or law enforcement officer of the United States Government and were excluded from coverage under the FTCA. Second, she held that a cause of action under the FTCA cannot be maintained against the Government for the actions of Wackenhut employees because Wackenhut Corporation was a contractor to the Government for the temporary housing of federal prisoners. Sandoval filed objections to this recommendation. After conducting an independent review of the case, the district court adopted the findings and conclusions of the magistrate judge as those of the court. Sandoval timely filed a notice of appeal from the judgment of the district court.

Sandoval alleges that he was injured in a beating administered by a fellow inmate at CTVF caused by the unprofessional conduct of a guard at that facility and the negligence of the United States Marshal for placing him in a dangerous environment.[2] CTVF was operated by Wackenhut Corporation as a contractor to the Government and the guard was an employee of Wackenhut. Sandoval has cast his claim in terms of a breach of a duty to safely house inmates.

In making her recommendation, the magistrate judge relied on the holding of *U.S. v. Shearer,* 473 U.S. 52, 54-55, 105 S.Ct. 3039, 3041, 87 L.Ed.2d 38 (1985) that "[t]he Federal Tort Claims Act's waiver of sovereign immunity does not apply to "[a]ny claim arising out of assault [or] battery,' 28 U.S.C. § 2680(h), and it is clear that respondent's claim arises out of [a] battery." While this may be true for the intentional acts of Government employees, this exclusion does not apply to the intentional torts of others. *See, Sheridan v. U.S.,* 487 U.S. 392, 400-03, 108 S.Ct. 2449, 2454-56, 101 L.Ed.2d 352 (1988). As the intentional tort that injured Sandoval was not perpetrated by an employee of the Government, the exclusion of § 2680(h) is not relevant to the case *sub judice.* Therefore, the use of this exclusion to justify a § 1915(d) dismissal was improper.

---

[2]As proof of this negligence Sandoval asserts that he was housed with dangerous prisoners that later accomplished a violent escape from the jail. Sandoval has not alleged any actual injury resulting from this housing arrangement.

Sandoval's claim against the Government is that the United States Marshal was negligent in placing him in CTVF where he was exposed to the improper conduct of guards and other prisoners. Specifically, Sandoval claims that the U.S. Marshal breached the duty to provide for his safety while he was incarcerated. In *Shearer,* the Supreme Court noted "that the Government may be held liable for negligently failing to prevent the intentional torts of a non-employee under its supervision." 473 U.S. at 56, 105 S.Ct. at 3042. In *Logue v. U.S.,* 412 U.S. 521, 530-33, 93 S.Ct. 2215, 2220-22, 37 L.Ed.2d 121 (1973), the Supreme Court held that the Government was not liable for the negligent acts of the employees of an independent contractor running a jail, but did not rule out liability based on the negligent acts of the Government's employees in placing the inmate into the care of the contractor. While Sandoval may have a heavy burden in being able to prove negligence on the part of the U.S. Marshal, he has alleged sufficient facts to make his claim against the Government under the FTCA nonfrivolous. *See Ancar v. Sara Plasma, Inc.,* 964 F.2d 465, 468 (5th Cir.1992). The district court incorrectly dismissed it as frivolous under 28 U.S.C. § 1915(d). As such, the dismissal is VACATED and the case REMANDED for appropriate consideration by the district court of the Government's liability, if any, under the FTCA for the alleged negligence of the U.S. Marshal.