**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-10462
Summary Calendar
_____


MICHAEL ODEL RICHARDS,

Plaintiff-Appellant,


VERSUS

S. O. WOODS, JR.,
Director of Classification,
Texas Department of Criminal Justice,
Institutional Division,


Defendant-Appellee.



_____

Appeal from the United States District Court
for the Northern District of Texas
(2:94 CV 275)
_____
July 26, 1995


Before GARWOOD, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]


Michael Richards appeals the dismissal, as frivolous under 28 U.S.C. § 1915(d), of his state prisoner's civil rights suit filed pursuant to 42 U.S.C. § 1983. Finding no error, we affirm.

_____

[*] Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that rule, the court has determined that this opinion should not be published.

I.

Proceeding in forma pauperis ("IFP"), Richards alleged that in violation of the Eighth Amendment, S. O. Woods, the Director of Classifications for the Texas Department of Criminal Justice (TDCJ), acted with "deliberate indifference" to his medical condition by failing to consider his history of asthma before assigning him to the T.L. Roach Unit in Childress, Texas. The magistrate judge determined that Richards's complaint lacked an arguable basis in law or fact and recommended dismissal of his complaint pursuant to § 1915(d). The district court conducted an independent review of the record and considered Richards's objections to the magistrate judge's report and recommendation before it adopted the report, denied Richards's objections, and dismissed his complaint.

II.

A district court may dismiss a frivolous IFP complaint. Denton v. Hernandez, 504 U.S. 25 (1992). A complaint is frivolous if it lacks an arguable basis in law or fact. Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992). A § 1915(d) dismissal is reviewed an abuse of discretion. Hernandez, 504 U.S. at 33.

Richards alleges that Woods acted with deliberate indifference to his medical condition because Woods did not consider his bronchial asthma condition before assigning him to a unit located in the Texas panhandle. He also contends that he has been infected

2

with tuberculosis since he arrived at the Roach Unit and that he is unsure whether this is because of the dry climate, his work assignment in the laundry, or the crop dusting that occurs outside the compound.

Although Richards attempts to characterize his claim as one based upon the Eighth Amendment and the deliberate-indifference-to-medical-needs standard, he really contests his unit assignment and desires a transfer to another unit. Richards does not request medical care and does not contend that he was denied adequate medical treatment. He contends that Woods did not follow prison policies regarding the placement of prisoners with medical conditions when he assigned Richards to the Roach Unit.

"[I]n the absence of an appropriate state regulation a prisoner has no liberty interest in residence in one prison or another." Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989). To bring an action under § 1983, a claimant must identify "a protected life, liberty, or property interest, and then prove that government action resulted in a deprivation of that interest." See San Jacinto Sav. & Loan Ass'n v. Kacal, 928 F.2d 697, 700 (5th Cir. 1991). Section 1983 does not create substantive rights; it provides a remedy for the deprivation of rights created elsewhere. Id. See Sandin v. Conner, 63 U.S.L.W. 4601 (U.S. June 19, 1995).

Richards attached to his objection to the magistrate judge's report a portion of a TDCJ "Classification Plan" policy and procedure that states that "inmates who require special consideration due to their medical conditions . . . will be assigned to

3

units . . . commensurate with their special medical needs." The policy requires that all health-related restrictions must be identified by the attending physician and noted on an inmate's health-summary-for-classification form.

Even assuming, _arguendo_, that this policy created a liberty interest in Richards's place of incarceration, Richards has failed to show that prison officials violated the policy. On his own health-summary-for-classification form, which Richards provided to the district court, there was "no restriction" on his basic housing assignment. By his own admission, TDCJ has followed its policy. Because Richards's claim does not have an arguable basis in law or fact, the district court did not abuse its discretion by dismissing his complaint.

III.

Richards contends that he requested an evidentiary hearing and was denied an opportunity to present his issues and facts to the court. He further contends that if he had been granted a hearing, his case would not have been dismissed as frivolous.

In _Spears v. McCotter_, 766 F.2d 179 (5th Cir. 1985), we encouraged district courts to "flesh out the conclusory statements in pro se pleadings" to determine whether the prisoner could state a claim. _Green v. McKaskle_, 788 F.2d 1116, 1119 (5th Cir. 1986). Not "all or even most prisoner claims require or deserve a _Spears_ hearing." _Id._ at 1120.

In determining whether the district court abused its discre-

4

tion by dismissing without a hearing, we consider whether Richards's "allegations may pass section 1915(d) muster" with additional factual development.  Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994).  Richards has not stated a § 1983 claim with an arguable basis in law or fact.  He has requested a remedy under § 1983, but he has no liberty interest in a specific unit assignment, and the conduct he complains of does not rise to the level of a constitutional violation.  See Jackson, 864 F.2d at 1250; Hernandez, 788 F.2d at 1158.

Richards has not demonstrated that a hearing would be helpful in developing facts sufficient to state a claim under § 1983. Therefore, the district court did not abuse its discretion by dismissing Richards's complaint without conducting a Spears hearing.

AFFIRMED.