IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40594
_____

JAMES W. WILLIAMS,

Plaintiff-Appellant,

versus

W. STEVENS; SAM PALASODA;
S. BUTLER; GASPAR CANTU; C. ELLINGBURG;
BARBARA ROSS; MCALVANEY,

Defendants-Appellees.

---------------------

Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-93-CV-29

---------------------
(September 22, 1995)

Before JOLLY, DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]

James W. Williams moves for leave to proceed <u>in forma
pauperis</u> (IFP) on appeal.  To proceed IFP a movant must show that
he is a pauper and that he will present a nonfrivolous appellate
issue.  <u>Carson v. Polley</u>, 689 F.2d 562, 586 (5th Cir. 1982).
Williams' poverty is not in question.  This court may affirm a
district court's dismissal of an IFP proceeding under 28 U.S.C.

_____

[*]      Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

§ 1915(d) when it lacks an arguable basis in fact or law.  Ancar
v. Sara Plasma, 964 F.2d 465, 468 (5th Cir. 1992).  The abuse-of-
discretion standard applies.  Id.

The "initial assessment of the in forma pauperis plaintiff's
factual allegations must be weighted in favor of the plaintiff."
Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992).  Section
1915(d) "cannot serve as a factfinding process for the resolution
of disputed facts."  Id.  "[A] finding of factual frivolousness
is appropriate when the facts alleged rise to the level of the
irrational or the wholly incredible, whether or not there are
judicially noticeable facts available to contradict them."  Id.
An IFP complaint may not be dismissed "simply because the court
finds the plaintiff's allegations unlikely."  Id.

Williams contends that the district court erred in
dismissing his complaint under § 1915(d), asserting that he made
a sufficient showing that he was subjected to an excessive use of
force and that the defendants were deliberately indifferent to
his serious medical needs.

### Excessive Force

When considering an excessive-force claim, "the core
judicial inquiry is . . . whether force was applied in a good-
faith effort to maintain or restore discipline, or maliciously
and sadistically to cause harm."  Hudson v. McMillian, 503 U.S.
1, 7 (1992).  A number of factors are relevant, including the
extent of the injury suffered.  Also:

> [i]n determining whether the use of force was
> wanton and unnecessary, it may also be proper
> to evaluate the need for application of

> force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and "any efforts made to temper the severity of a forceful response."

Id. (citation omitted).

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of "cruel and unusual" punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "`repugnant to the conscience of mankind.'"

Id. at 9-10 (internal and ending citations omitted).

Williams alleged that he suffered pain and numbness from the incident, and that his blood circulation was impaired. Williams also alleged that he suffered pain and numbness from the incident, and that his blood circulation was impaired. In the instant case, the district court focused on the nature of Williams' alleged injury only, finding that he suffered "no injury." The district court made no findings regarding whether force was applied in a good faith effort to maintain or restore discipline, or whether it was administered maliciously and sadistically to cause harm. See Rankin v. Klevenhagen, 5 F.3d 103, 106 (5th Cir. 1993).

Williams' factual allegations are not irrational or wholly incredible, and his legal argument does not lack an arguable basis. See Hudson, 503 U.S. at 7. His IFP complaint should not have been dismissed under § 1915(d) in this regard. See Ancar, 964 F.2d at 468.

Deliberate Indifference

A official acts with a deliberate indifference under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 114 S. Ct. 1970, 1984 (1994). The Farmer standard applies in the context of a denial-of-medical-care claim. Reeves v. Collins, 27 F.3d 174, 176-77 (5th Cir. 1994). Negligence, neglect, and even medical malpractice do not state a claim under § 1983. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

In his more definite statement, Williams stated that he suffered a lot of unnecessary pain to his wrists and that he has problems with his wrists on and off. He also alleged that his blood circulation was impaired and that he was denied medical treatment for four (4) days.

Because the district court did not address this claim, there is no factual development of the record in this regard, including Williams' prison medical records. Thus, § 1915(d) dismissal of this claim was improper.

Due Process

In the district court, Williams alleged that his due process rights were violated in conjunction with a prison disciplinary hearing. He has failed to address this issue on appeal. Claims not adequately argued in the body of an appellate brief are deemed abandoned. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The record supports the conclusion that the district court abused its discretion by dismissing this action with prejudice under § 1915(d).  Williams has raised nonfrivolous appellate issues; IFP is GRANTED.

The district court's § 1915(d) dismissal of Williams' due process claim is AFFIRMED.  However, the district court's § 1915(d) dismissal of Williams' excessive-force and deliberate-indifference claims is VACATED and the matter REMANDED for further proceedings as to these issues.

GRANT IFP.  AFFIRM in part.  VACATE and REMAND in part.