**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-31146

(Summary Calendar)
_____


JOHN W PATTON,

                              Plaintiff-Appellant,

versus


JEFFERSON PARISH SHERIFF'S OFFICE; SUSAN D
RUSHING, Lt; FRED WILLIAMS, Major; JPSO; HARRY
LEE, Sheriff; RICHARD RODRIGUE, Chief; JPSO;
RICHARD P IEYOUB, Attorney General; JANET
RENO, U S Attorney General; TAMMY LYNN
DAVIDSON; ROY J CASTANEDO; TAMEKA ROBERTS;
THOMAS REED; ANITA REED; MAUREEN MCKINNEY;
PATRICIA J LATON; ANN LECOMTTE; CAREN MORGAN;
KENNETH KLINE, Detective; G PATRICK HAND, III;
JUANITA VERNON; HINTON CASTANEDO; TONI
STONEBERGER; ERNEST V RICHARDS, IV, Judge,
Division B; ANDRE MAILLHO, Captain; LAWRENCE E
BIRI, JR; GREG NOBLE; ALLAN J GREEN; CHARLES
KILBOURN; CHRISTINE CAMPAGNO; TERRY GRAFFED,
Detective; LINDA MATTHEWS; ROBERT LONG,

                              Defendants-Appellees.


_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(CA-95-2253-R)
_____


June 27, 1996
Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Plaintiff John W. Patton brought this suit, pursuant to 42 U.S.C. § 1983, alleging that he was falsely arrested and charged with 160 crimes on January 7, 1994. The suit was assigned to a magistrate judge, who ordered Patton to answer written interrogatories. In Patton's answers to the written interrogatories, Patton stated that three months after being falsely arrested he was further charged with seven more crimes, two of which resulted in convictions. According to Patton, he was never convicted on any of the 160 allegedly false charges. After receiving Patton's answers to the interrogatories, the magistrate judge held a telephone conference with Patton. The magistrate judge reported that during this conference Patton "admitted" that he had been arrested on all 167 charges on January 7. Based on this fact, the magistrate judge recommended that Patton's suit be dismissed as frivolous under 28 U.S.C. § 1915(d). The magistrate judge reasoned that because Patton was ultimately convicted for a crime upon which his arrest was predicated, attacking that arrest would necessarily implicate the validity of his subsequent conviction. Accordingly, the magistrate judge felt that Patton's § 1983 suit was barred by *Heck v. Humphrey*, ___ U.S. ___, ___, 114 S. Ct. 2364, 2372-74, 129 L. Ed. 2d 383 (1994) (holding that a

---

[1] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

-2-

plaintiff cannot recover damages under § 1983 for actions which, if found unlawful, would render a state conviction or sentence invalid unless that conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question). Patton vociferously objected to the magistrate judge's findings. He asked to speak to the magistrate judge again to correct his "misstatements" to the magistrate judge's questions. He then filed written objections to the magistrate judge's recommendations in which he continued to maintain that his January 7 arrest did not involve any charges upon which he was later convicted. The district court adopted the recommendations of the magistrate, and dismissed Patton's suit based on *Heck*.

We review a district court's § 1915(d) dismissal for abuse of discretion. *Denton v. Hernandez*, ___ U.S.___, ___, 112 S. Ct. 1728, 1734, 118 L. Ed. 2d 340 (1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). A court may dismiss an *in forma pauperis* claim under § 1915(d) "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*,___ U.S. at ___, 112 S. Ct. at 1733. A court may not dismiss an *in forma*

*pauperis* complaint merely because it finds the plaintiff's allegations to be unlikely, but may do so only when the alleged facts are "clearly baseless." *Id*. (citations omitted).[2] A § 1983 claim that is barred by the rule in *Heck* is legally frivolous under § 1915(d). *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994).

We find the district court abused its discretion in dismissing as frivolous Patton's § 1983 suit. On the record presented, Patton has maintained throughout these proceedings that his arrest on January 7 was malicious and false, and that he was never convicted on any of the 160 charges brought at the time of his January arrest. In dismissing Patton's suit as frivolous, the district court relied solely on the magistrate judge's statement in his recommendations that Patton "admitted" in his telephone conference that all 167 charges were brought pursuant to Patton's January arrest. The record contains no transcript or recording of this telephone conference, and we are thus unable to review it.[3] In

---

[2] In reviewing a district court's frivolousness determination, we consider factors such as whether the plaintiff was proceeding *pro se*, whether the district court inappropriately resolved genuine issues of disputed fact, whether the court applied erroneous legal conclusions, whether the district court provided a statement explaining the dismissal that facilitates intelligent appellate review, and whether the district court dismissed the complaint with or without prejudice. *Denton*, ___ U.S. at ___, 112 S. Ct. at 1730.

[3] We note that it is standard procedure for a magistrate or district court to conduct Spears hearings on the record in order to facilitate meaningful appellate review. *See, e.g., Eason v. Holt*, 73 F.3d 600, 603-04 (5th Cir 1996) (looking to transcript of Spears hearing to evaluate propriety of district court's dismissal under § 1915(d)); *Wesson v. Oglesby*, 910 F.2d 278, 282 (5th Cir. 1990) (holding that district court erred in adopting the recommendations of the magistrate "without benefit of a transcript or tape recording of the Spears hearing").

light of Patton's original answers to his interrogatories, and his protestations that he misspoke to the magistrate, we cannot determine from this record whether Patton was arrested on all 167 charges in January or not. Patton continues to maintain that his conviction arose from charges independent from and filed subsequent to his allegedly unlawful January arrest. If these facts are true, Patton's § 1983 suit challenging the validity of his January arrest is unrelated to the validity of his subsequent conviction.[4]

Further, "[i]t is well established that a claim of unlawful arrest, standing alone, does not *necessarily* implicate the validity of a criminal prosecution following the arrest." *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). As we have previously noted, if a defendant "is tried and convicted and in his contested criminal case no evidence is presented resulting directly or indirectly from any of his arrests, it is difficult to see how any illegality in any of his arrests could be inconsistent with his conviction." *Id.; see also Montoya v. Scott*, 65 F.3d 405, 421 (5th Cir. 1995) (noting the "established rule that illegal arrest or detention does not void a subsequent conviction"). A conviction does not *ipso facto* establish that probable cause existed for the

---

[4]    We also note that the record is silent as to the procedure by which Patton was arrested. The details of Patton's arrest could be determinative of his claim. *See Campbell v. City of San Antonio*, 43 F.3d 973, 976 (5th Cir. 1995) (holding that indictment by a grand jury establishes probable cause for arrest); *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994) (holding that "[i]t is well settled that if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest").

defendant's arrest. Thus, even if Patton was ultimately convicted on charges brought pursuant to his January arrest, Patton's § 1983 suit challenging the validity of that arrest would not necessarily implicate the invalidity of his conviction, and therefore would not be barred by *Heck*. *See Mackey*, 47 F.3d at 746 (holding that district court erred in dismissing as frivolous prisoner's § 1983 suit challenging the validity of his arrest on the basis that false arrest did not necessarily implicate the invalidity of his conviction and therefore *Heck* did not bar the prisoner's suit). Accordingly, the district court decision to dismiss Patton's suit as frivolous under § 1915(d) was erroneous.

We VACATE the district court's § 1915(d) dismissal of Patton's § 1983 suit, and REMAND for further proceedings.