IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-30369
Conference Calendar
_____


CHAD LIGHTFOOT ET AL.,

                                        Plaintiffs,

CHAD LIGHTFOOT,

                                        Plaintiff-Appellant,

versus

CORRECTIONS CORP. OF AMERICA ET AL.,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 94-CV-2038
- - - - - - - - - -
October 23, 1996
Before POLITZ, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

    Louisiana prisoner Chad Lightfoot, #301162, appeals from the grant of summary judgment for the defendants in his civil rights action.  Lightfoot contends that the district court erred by denying his motion for class certification; erred by denying his motion for a default judgment against defendant Richard Stalder;

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

erred by denying his motion for appointment of an expert witness; and erred by granting summary judgment for the defendants.

The denial of Lightfoot's motion for class certification was not an abuse of discretion. *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 470 (5th Cir. 1992). Nor was the denial of his motion for a default judgment; Stalder filed an answer within two weeks after the entry of default and one day before Lightfoot's motion for a default judgment was filed. *See Thomas v. Kipperman*, 846 f.2d 1009, 1011 (5th Cir. 1988). Nor was the denial of Lightfoot's motion for appointment of an expert witness an abuse of discretion. *See Fugitt v. Jones*, 549 F.2d 1001, 1006 (5th Cir. 1977).

Regarding the grant of summary judgment, Lightfoot does not argue his underlying claims on their merits; nor does he link the evidence he provided in the district court to any of those claims. He has failed to brief whether the district court erred by granting summary judgment for the defendants. *Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995).

Lightfoot's appeal is frivolous. We previously warned Lightfoot that frivolous appeals could result in sanctions against him. *Lightfoot v. Bienvenu*, No. 94-CV-411, slip op. at 3 (5th Cir. Aug. 23, 1994). Accordingly, Lightfoot is barred from filing any pro se, in forma pauperis, civil appeal in this court without the prior written approval of an active judge of this court. Further he is BARRED from filing any pro se, in forma

pauperis, civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court.  The clerk of this court and the clerks of all federal district courts subject to the jurisdiction of this court are directed to return to Lightfoot, unfiled, any attempted submission inconsistent with this bar.

APPEAL DISMISSED; SANCTIONS IMPOSED.