IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41176
Summary Calendar

_____


ELLIS BURRELL,

Plaintiff-Appellant,

versus

STORK, DR; A. COLLINS;
WAYNE SCOTT; LESLIE WOODS; DAVIS,,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-94-CV-386
_____

March 23, 1998

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[*]

Ellis Burrell, Texas prisoner # 336498, appeals the judgment of the district court dismissing

his civil rights action against officials of the Texas Department of Criminal Justice as frivolous. We

conclude that there was no abuse of discretion. See Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468

(5th Cir. 1992).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Burrell has not alleged the requisite actual injury to support a First Amendment violation. See Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). He does not contend that he experienced a delay or that he was unable t o pursue any action in the courts. We do not review for plain error Burrell's claim that the defendants violated his constitutional rights through a conspiracy under the Racketeer Influenced and Corrupt Organization Act. The claim involves factual issues that could have been resolved by the district court. See United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995). As to his claims that he was transferred and classified in retaliation for exercising his First Amendment rights and in violation of the Eighth Amendment prohibition against cruel and unusual punishment and that he was deprived of adequate medical attention for an ear infection, Burrell has not alleged that any of the named defendants were personally involved or identified a policy or custom that could have led to the constitutional violations. See Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Burrell's contentions that his rights under the Due Process Clause and the Equal Protection Clause were violated are unavailing. He has abandoned a portion of those claims by failing to adequately brief his arguments. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Further he has not demonstrated that the magistrate judge discriminated against him and obstructed justice in not holding a hearing pursuant to Spears v. McCotter, 766 F.2d 179, 182 (5th Cir. 1985).

The dismissal of the civil rights complaint as frivolous was not an abuse of discretion. The appeal too is without arguable merit and, thus, frivolous.   See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2. The motions for appointment of counsel, a temporary restraining order, and a preliminary injunction are DENIED.

We advise Burrell that, in light of Ellis v. Burrell, No. 95-40333 (5th Cir. Oct. 19, 1995) (appeal dismissed as frivolous), the dismissal of this appeal as frivolous constitutes his third strike under the provisions of 28 U.S.C. § 1915(g).  See Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997) (citing Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996)).

APPEAL DISMISSED; MOTIONS DENIED.