**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 22, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-11169
Summary Calendar

_____

MAGIC CARPET LIMOUSINES,

                                        Plaintiff,

EUGENE R. HAFKE,

                                        Appellant,

versus

DFW INTERNATIONAL AIRPORT; ROBERT L. MCAFEE; THOMAS M. DUNNING;
RON KIRK; KENNETH L. BARR; DAVID DYBALA; JEFFREY P. FEGAN; JIM
CRITES; PAUL TOMME; SANDRA PERKINS; JOHN CORNYN,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CV-997-N
--------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Eugene R. Hafke appeals the district court's granting of the

defendants' FED. R. CIV. P. 12(b) motions for dismissal and the

granting of a summary judgment motion.  In his suit, Hafke, doing

business as Magic Carpet Limousines, alleged various claims,

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

under 42 U.S.C. §§ 1981, 1983, 1985, 15 U.S.C. § 1, and state law, against the defendants. An examination of the record and briefs shows that the district court did not err, and we affirm.

Afforded liberal construction, Hafke argues that the district judge was biased and should have recused himself. Hafke has not shown that a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality. <u>Levitt v. University of Texas at El Paso</u>, 847 F.2d 221, 226 (5th Cir. 1988).

Hafke failed to show the existence of a genuine issue of material fact to defeat the summary judgment motion. <u>See</u> <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). Hafke's 18 U.S.C. § 2724 and TEX. TRANSP. CODE § 731.005 claims fail because he has not shown that DFW or the individual defendants violated the statutes. Hafke has not shown that John Cornyn, as the Texas Attorney General, may be liable under the statutes, or that Cornyn, in his individual capacity, was personally involved in a constitutional violation. <u>See</u> 18 U.S.C. § 2725(2); TEX. TRANSP. CODE § 730.003(5); <u>Oliver v. Scott</u>, 276 F.3d 736, 741 (5th Cir. 2002). Hafke's 42 U.S.C. § 1983 claims fail because Hafke has not shown the deprivation of a federal right. <u>See</u> <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980); <u>Randolph v. Cervantes</u>, 130 F.3d 727, 730 (5th Cir. 1997). Hafke's 42 U.S.C. §§ 1981 and 1985(2) claims fail because Hafke has not alleged a conspiracy with a nexus to a proceeding in federal

court or that the defendants discriminated against him based on race or other class-based animus.  See Green v. State Bar of Texas, 27 F.3d 1083, 1086 (5th Cir. 1994); Bradt v. Smith, 634 F.2d 796, 800 (5th Cir. 1981).  Hafke's antitrust claims fail because Hafke did not allege facts that would support the elements of the claim.  See Ancar v. Sara Plasma, Inc., 964 F.2d 465, 469 (5th Cir. 1992); see also Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 488 (1977).

The dismissal of the supplemental state law claims was not an abuse of discretion because all of the federal claims were properly dismissed.  See Dayton Indep. Sch. Dist. v. U.S. Mineral Products Co., 906 F.2d 1059, 1067 (5th Cir. 1990).

AFFIRMED.