# UNITED STATES COURT OF APPEALS
## For the Fifth Circuit

---

No. 98-50841
Summary Calendar

---

KENNETH W. HICKMAN,

Plaintiff-Appellant,

VERSUS

DAVID MOYA, Warden; MARY CISNEROS, Manager of Health Services, Hughes Unit;
LOYD PARTON, Field Force Supervisor, Hughes Unit;
HOWARD BENNETT, Physicial Assistant; RAYMOND WATKINS, Correctional Officer,
Hughes Unit

Defendants-Appellees ,

---

Appeal from the United States District Court
for the Western District of Texas

(W-97-CV-223)

---

May 21, 1999

Before WISDOM[*], JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[**]

Kenneth Hickman is an inmate in a Texas state prison. Hickman filed suit against the named defendants, all prison personnel, under 42 U.S.C. § 1983, alleging violations of his civil rights. The district court dismissed the lawsuit for failure to state a claim upon which relief could be granted under Federal Rule of Civil Procedure 12 (b) (6). Hickman now appeals. We affirm.

---

[*] Judge John Minor Wisdom authored this opinion prior to his death on May 15, 1999.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

We begin by noting that Hickman sought to file an amended complaint with the district court. The magistrate judge assigned to the case denied Hickman's motion for leave to amend. "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served."[3] No leave of court is required for such an amendment.[4] In denying Hickman permission to amend his complaint, the district court abused its discretion. We shall therefore review the amended complaint Hickman attempted to file to determine if dismissal under Rule 12 (b) (6) is proper.

In his amended pleading, Hickman contends that the defendants took retaliatory action against him for testifying in another prisoner's civil rights action. Hickman further contends that he suffered racial discrimination in housing, punishment, and job assignments; that he was denied adequate medical care; and that he was forced to work under unsafe conditions.

Hickman's contention that the defendants violated his civil rights through alleged retaliation for testifying on behalf of another inmate is without merit. Although inmates do have a constitutionally protected right of access to the courts, the right of access accrued to the benefit of the named plaintiff, not to the benefit of Hickman as a witness. As Hickman was not exercising his constitutional right of access to the courts, he has suffered no constitutional violation.[5]

In his amended complaint, Hickman contends that defendant Raymond Watkins threatened to kill him unless he abandoned his pending complaints against other prison personnel. Hickman contends that this also violated his right of access to the courts. The Johnson decision cited above is also dispositive of this claim. Johnson requires the inmate to provide the court with detailed information sufficient to establish that the inmate is seeking access to the courts to bring a non-frivolous claim. Such information should include the named parties, the subject matter, and the arguable merit of the claim. Because Hickman has not provided the court with such information,

---

[3] Fed. R. Civ. P. 15 (a).

[4] Horton v. Cockrell, 70 F.3d 397, 402 (5th Cir. 1995).

[5] Johnson v. Rodriguez, 110 F.3d 299, 310-311 (5th Cir. 1997).

the claim was properly dismissed.[6]

Hickman contends that he suffered racial discrimination at the hands of the defendants regarding work assignments, punishment and housing. In asserting an equal protection claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that the defendants acted with a discriminatory purpose.[7] Hickman has neither alleged nor shown any discriminatory purpose, and the allegation was properly dismissed.

Hickman's complaint also alleges a § 1983 violation for deprivation of adequate medical care. In the course of his medical treatment, Hickman was prescribed medication for his ailments. Hickman contends that he should have been sent to a specialist. In short, Hickman concedes he was given medical treatment, but disagrees with the course of that treatment. If Hickman was treated improperly this was, at most, negligence, and therefore not subject to a § 1983 claim.[8] This allegation was properly dismissed.

Finally, Hickman alleges constitutional violations in his work assignments, contending that he has been required to work in unsafe conditions. Hickman's work supervisors could reasonably rely upon the medical reports stating that Hickman was able to perform the work to which he had been assigned. Thus, if there was any failure on the part of the prison personnel, it was one of negligence, and not subject to a § 1983 claim.[9]

AFFIRMED.

---

[6] Id. at 311-312.

[7] Woods v. Edwards, 51 F.3d 577, 579 (5th Cir. 1995).

[8] See Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).

[9] Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).