IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50814
Summary Calendar
_____

WILLIAM WALLACE CAMPBELL,

Plaintiff-Appellee,

versus

PRICILLA MILES, Etc.; ET AL.,

Defendants,

PRICILLA MILES, Chief Classification Officer,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-692-TWP
---------------------
July 20, 2000

Before SMITH, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Pricilla Miles contends that the magistrate judge erred in denying her renewed motion for judgment as a matter of law. The motion was timely filed within 10 days after entry of the judgment under Fed. R. Civ. P. 50(b). See Fed. R. Civ. P. 6(a) (computation of time); see also Gaia Tech. Inc. v. Recycled Prod. Corp., 175 F.3d 365, 373-74 (5th Cir. 1999). By moving for judgment as a matter of law under Rule 50(a) and Rule 50(b),

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Miles preserved her right to challenge the sufficiency of the evidence. Gaia, 175 F.3d at 374. The magistrate judge's order, denying the motion for judgment as a matter of law in part, is reviewed de novo. Id.

Miles is entitled to judgment as a matter of law if the court determines that "there is no legally sufficient evidentiary basis" for the jury's decision. Fed. R. Civ. P. 50(a)(1); see Gaia, 175 F.3d at 374. The question whether the evidence was sufficient is examined under the standard announced in Boeing Co. v. Shipman, 411 F.2d 365 (5th Cir. 1969) (en banc), overruled on other grounds, Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331, 336 (5th Cir. 1997) (en banc):

> Under Boeing, there must be a conflict in substantial evidence to create a jury question. Substantial evidence is defined as evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions. Consequently, a mere scintilla of evidence is insufficient to present a question for the jury. Even if the evidence is more than a scintilla, Boeing assumes that some evidence may exist to support a position which is yet so overwhelmed by contrary proof as to yield to a motion for judgment as a matter of law.

Gaia, 175 F.3d at 374-75 (internal quotation marks and brackets omitted). This court considers "all of the evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-moving party." Threlkeld v. Total Petroleum, Inc., ___ F.3d ___ (5th Cir. May 5, 2000), 2000 WL 554537, *4.

The jury determined that Miles, a chief classification officer, had acted with deliberate indifference to threats made against Campbell by other prisoners, in violation of Campbell's

right against cruel and unusual punishment under the Eighth Amendment.  Campbell was awarded compensatory and punitive damages.

"Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners." Horton v. Cockrell, 70 F.3d 397, 400 (5th Cir. 1995).  "The plaintiff prisoner must prove both that he is incarcerated under conditions 'posing a substantial risk of serious harm,' and that the prison official's state of mind is one of 'deliberate indifference' to the prisoner's health or safety."  Id. at 400-01 (citing Farmer v. Brennan, 511 U.S. 825, 832-34 (1994)).  To show that Miles was deliberately indifferent to the risk that he would be assaulted by other prisoners, Campbell had to prove that Miles was "both 'aware of facts from which the inference could be drawn that a substantial risk of harm exists'" and that Miles actually drew that inference.  Horton, 70 F.3d at 401 (quoting Farmer, 511 U.S. at 837).

Miles contends that her response to Campbell's life-endangerment complaint was objectively reasonable based upon the information she possessed and in light of her limited role in the classification system.  "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted."  Farmer, 511 U.S. at 844. This court has construed "Farmer's 'respond reasonably' and 'reasonable measures' language . . . to relate necessarily to whether the first, or objective, component of an Eighth Amendment

violation has been made out." Hare v. City of Corinth, Miss., 74 F.3d 633, 649 n.5 (5th Cir. 1996) (en banc) (internal citation omitted).

"Objective reasonableness is a matter of law for the courts to decide; not a matter for the jury." Williams v. Bramer, 180 F.3d 699, 702 (5th Cir.), clarified on reh'g, 186 F.3d 633, 634 (5th Cir. 1999); see Lampkin v. City of Nacogdoches, 7 F.3d 430, 434-36 (5th Cir. 1993). A trial may be necessary, however, when underlying historical facts are in dispute which are material to the reasonableness determination. Williams, 180 F.3d at 703; see Smith v. Brenoettsy, 158 F.3d 908, 912 (5th Cir. 1998). The magistrate judge held that a reasonable jury could have held that the "paucity" of Miles's investigation into Campbell's life-endangerment complaint amounted to deliberate indifference.

Miles contends that she was involved in only one of a series of investigations regarding life-endangerment complaints lodged by Campbell and that most of the evidence presented by Campbell concerned the actions of other individuals. Miles also contends that she did not have decision-making authority over Campbell's housing assignment. The magistrate judge's conclusions were based upon evidence presented regarding Miles's individual acts and omissions. The fact that Miles may have been following prison policy or that other individuals may also have been at fault does not undermine the magistrate judge's reasoning.

Miles argues that her actions were objectively reasonable in light of the fact that prisoners attempt to manipulate the prison system to their own advantage. Miles contends that it was her

responsibility to determine whether the complaint was a sham. The evidence did not show that Miles concluded that the complaint was a sham, only that she concluded that it was unsubstantiated.

Miles argues that she did actually investigate Campbell's complaint. Miles argues that she did not interview the persons who were identified as a threat to Campbell because to do so would have endangered Campbell. Miles argues that prison administrators should be deferred to in the execution of prison policies related to prison discipline and security. The jury was instructed on this point of law; it was presented with this defense and rejected it.

The magistrate judge's ruling was not predicated on Miles's failure to interview the particular inmates who had been identified as a threat to Campbell, but on her failure to interview anyone in Section 1 of 4 Building and in relying unreasonably on another inmate's statement that everyone in 4 Building knew of the threats. See Smith, 158 F.3d at 912 (holding that question whether supervisor had responded reasonably to life-endangerment complaint, in light of 6,000 complaint letters filed annually, presented a question for the trier of fact which could not be addressed on interlocutory appeal). Although Miles's arguments provide reasons why the jury could have found in her favor, it did not. The jury's verdict was supported by substantial evidence under the Boeing standard.

Miles argues that the evidence was insufficient to support the award of punitive damages. "Under § 1983, punitive damages may be awarded only if the official conduct is 'motivated by evil

intent' or demonstrates 'reckless or callous indifference' to a person's constitutional rights." Sockwell v. Phelps, 20 F.3d 187, 192 (5th Cir. 1994). The jury found that Miles "acted with malice or willfulness or with callous and reckless indifference to the safety or rights of the plaintiff." The magistrate judge held, based upon his prior conclusion that the evidence was sufficient to support the findings as to deliberate indifference, that there was sufficient evidence showing that Miles acted with reckless indifference. See Sibley v. Lemaire, 184 F.3d 481, 489 (5th Cir. 1999) ("It is . . . fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk."), cert. denied, 120 S. Ct. 1420 (2000). Miles has not shown that the magistrate judge erred in concluding that the punitive damage award was supported by substantial evidence.

Miles also argues for the first time on appeal that, because she is no longer employed by the Texas Department of Criminal Justice or by the state, punitive damages are inappropriate in this case because they will not deter future constitutional violations. This claim cannot be raised for the first time on appeal because it does not involve a purely legal question. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); see Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

Miles also argues that the evidence is insufficient to support the jury's award of compensatory damages. Because this

issue is raised for the first time on appeal, it cannot be reviewed. See Leverette, 183 F.3d at 342.

Miles contends that the magistrate judge erred in denying her Rule 60(b) motion on grounds of juror bias. Under Rule 60(b)(6), the trial court may relieve a party from a final judgment for any reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b)(6). "A court may grant relief under [Rule] 60(b)(6) only under extraordinary circumstances." Heirs of Guerra v. United States, 207 F.3d 763, 767 (5th Cir. 2000). The magistrate judge's order denying the Rule 60(b)(6) motion is reviewed for an abuse of discretion. Maddox v. Runyon, 139 F.3d 1017, 1019 (5th Cir. 1998).

A letter written by the juror in question to a local newspaper reflects the juror's state of mind after the trial and does not show that the juror had an unfair bias against law enforcement officials prior to the trial. There is no reason to believe that the juror's animus toward a particular FDIC employee in connection with a corporate bankruptcy would cause him to be biased against a state corrections officer in an unrelated failure-to-protect case. The juror's failure to respond to another question posed by the magistrate judge on voir dire was not dishonest.

In an appeal from the denial of a motion for a new trial, this court has found no error in a direct criminal appeal raising the question of juror misconduct under similar facts. See United States v. Doke, 171 F.3d 240, 246-47 (5th Cir.) (criminal new trial motion) (failure of one juror to disclose prior arrest and

of two other jurors to disclose unrelated civil lawsuits did not "raise a material question concerning actual or implied bias that would necessitate a removal for cause"), cert. denied, 120 S. Ct. 250 (1999)).  Under the more narrow standard applicable to appeals from orders denying Rule 60(b)(6) motions, there is no basis for finding an abuse of discretion in this case.  The judgment is AFFIRMED.

Campbell has moved for dismissal of the appeal, arguing that Miles failed to comply with the briefing schedule.  The motion is DENIED.

JUDGMENT AFFIRMED; MOTION DENIED.