IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30624
Conference Calendar

_____

EDWARD CHYRON FRANK,

Plaintiff-Appellant,

versus

RICHARD L. STALDER; MICKEY L. HUBERT;
SHARON RUSH; BRENDA SMILEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-190
--------------------
October 26, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Edward Chyron Frank, prisoner #73820, appeals the district court's dismissal of his pro se and in forma pauperis (IFP) civil rights complaint wherein he alleged that he was subjected to cruel and unusual punishment because he was given a pair of used work boots, and that he was denied due process when he was disciplined for refusing to wear the boots. Frank also alleged that he was denied access to the courts because the prison

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

library did not have "essential" law books and because prison officials refused to give him certain supplies.

Frank has failed to demonstrate that the risk posed by the sanitized boots was "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Horton v. Cockrell, 70 F.3d 397, 401 (5th Cir. 1995). Accordingly, Frank has failed to state an Eighth Amendment violation. See Farmer v. Brennan, 511 U.S. 825, 847 (1994). With respect to Frank's due process claim, Frank has not shown that his conviction in the disciplinary proceeding has been overturned, and, therefore, his claim is not cognizable under § 1983. See Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (en banc). Frank's allegations regarding the denial of access to the courts are insufficient to support such a claim. See Lewis v. Casey, 518 U.S. 343, 351 (1996); Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).

The judgment of the district court is AFFIRMED. Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998); 28 U.S.C. § 1915(e)(2)(B)(i). We caution Frank that our affirmance of the judgment of dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996).

AFFIRMED; SANCTIONS WARNING ISSUED.