United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 1, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11315
Summary Calendar
_____

CHEYENNE PATE,

                                        Plaintiff-Appellant,

versus

JANIE COCKRELL; ET AL.,

                                        Defendants,

ROBERT TREON; J. MOONEYHAM; KENNETH R. BRIGHT, Jr.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:02-CV-46-R
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Cheyenne Pate, a Texas prisoner (# 773478), challenges the

district court's denial of his application to proceed in forma

pauperis ("IFP") on appeal following the district court's

granting of several defendants' motion to dismiss pursuant to

FED. R. CIV. P. 12(b)(6).  By moving to proceed IFP, Pate is

challenging the district court's certification that he should not

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

be granted IFP status because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a).

In his complaint, Pate asserted that he is a former gang member of the Aryan Brotherhood of Texas ("ABT") who quit the ABT due to health problems and "turning his life over to God."  He maintained that the ABT had placed a "hit" on him and that the defendants had failed to protect him from this threat; he alleged that they should have placed him in protective custody or safekeeping.  Pate also alleged that the defendants' inaction had forced him to remain in his cell for 24 hours a day, thus depriving him of recreational privileges.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994); see also Horton v. Cockrell, 70 F.3d 397, 400-02 (5th Cir. 1995).

Before granting the defendants' motion to dismiss, the district court had dismissed Pate's claims against Texas Department of Criminal Justice--Institutional Division ("TDCJ-ID") Director Janie Cockrell and Classification Committee member Rogers, based on Pate's failure to establish a causal connection between these defendants and the constitutional violations asserted.  The district court did not err in dismissing the claims against these party defendants because Pate had alleged only that he had sent a letter to Cockrell's TDCJ-ID predecessor

and that Rogers had caused him to be transferred to a new prison facility.  See Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995).

Pate had been transferred to Allred Unit, where several of the named defendants worked, and he alleged that the Allred defendants failed to protect him by refusing to place him in protective custody.  Pate, who does not allege that he has actually been assaulted, has failed to make allegations that are sufficient to establish that the defendants should have been "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed].'"  Newton v. Black, 133 F.3d 301, 308 (5th Cir. 1998) (quoting Farmer, 511 U.S. at 837).  His claims for injunctive relief against the Allred defendants are now moot because he has been transferred to a third prison.  See Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001).

Insofar as Pate has alleged that the defendants' inattentiveness to his personal safety forced him to forego recreational privileges in violation of his Eighth Amendment rights, Pate has failed to establish that the defendants acted with deliberate indifference to a substantial risk of harm to his health or that the recreational privileges offered by the defendants were inadequate to ensure his personal safety.  See Herman, 238 F.3d at 664.

Pate has failed to show that the claims that were dismissed present nonfrivolous issues for appeal. Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith. Pate's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal of his complaint for failure to state a claim. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Pate is cautioned that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; THREE-STRIKES BAR WARNING ISSUED.