United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 27, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

————————

No. 03-20043
(Summary Calendar)

————————

BOBBY JONES,

Plaintiff-Appellant,

versus

RICK THALER; LAND SPENCER; GRIEVANCE INVESTIGATOR,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
No. H-01-CV-1047

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Bobby Jones appeals the dismissal with prejudice of his *in forma pauperis* civil rights

complaint as frivolous under 28 U.S.C. § 1915A(b)(1). This 42 U.S.C. § 1983 action arises out of

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an assault by an unknown inmate on Jones while Jones was working in the prison kitchen. Jones contends that the defendants failed to protect him by leaving the door to the kitchen unlocked despite their knowledge that a different inmate had threatened that Jones would be hurt or killed if he was not removed from the kitchen.

"A district court may dismiss an *in forma pauperis* proceeding if the claim has no arguable basis in law and fact." *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995). "[I]n making this determination, a court must accept as true all the facts as alleged in the complaint." *Id.* "District courts have broad discretion in determining whether a complaint filed [*in forma pauperis*] is frivolous so as to warrant dismissal," *Neals v. Norwood*, 59 F.3d 530, 532-33 (5th Cir. 1995), and we review only for an abuse of that discretion. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

Although prison officials have an Eighth Amendment duty to protect inmates from assault by their fellow prisoners, "[n]ot every injury suffered by a prisoner at the hands of another rises to the level of a constitutional violation . . . ." *Horton*, 70 F.3d at 400. To establish a failure-to-protect claim under the Eighth Amendment, an inmate must show that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; and (2) prison officials were deliberately indifferent to his need for protection. *Neals*, 59 F.3d at 533. The threat that one inmate will physically assault another poses a substantial risk of serious harm. *Horton*, 70 F.3d at 401. Thus, Jones' allegation that an inmate threatened him with injury or death is sufficient to satisfy the first prong of his failure-to-protect claim.

To satisfy the second prong, Jones must allege that the defendants were deliberately indifferent to the risk that he would be assaulted. "Deliberate indifference is established by showing that the defendant officials (1) were aware of facts from which an inference of excessive risk to the

-2-

prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001) (internal quotation marks omitted). While Jones has alleged that each of the defendants was aware of the threat against him, he has not alleged that they were deliberately indifferent to that threat. Indeed, although Jones' allegations are based on the failure to lock the kitchen door, he concedes that the defendants were unaware that the door was unlocked on the day he was attacked. Accordingly, Jones' allegations amount to a claim of negligence and do not raise a non-frivolous constitutional claim. *Neals*, 59 F.3d at 533; *see Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence . . . .").

For the foregoing reasons, we AFFIRM the district court's dismissal of Jones' § 1983 suit as frivolous.