United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2003

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50605
Summary Calendar
_____

JULIUS DREW, JR.,

Plaintiff-Appellant,

versus

HASSEL R. TERRY; ALTON DALE CASKEY;
DANIEL W. SCHMEDTHORST; WILLIAM SHAIA;
JAMES R. ELDRIDGE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CV-260
--------------------

Before DAVIS, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

Julius Drew, Jr., Texas prisoner #414669, appeals the dismissal of his *pro se*, *in forma pauperis* (IFP) civil rights complaint. In addition to arguing the merits of his civil rights claims, Drew argues the district court erred in failing to appoint him counsel; the district court erred in concluding that his amended complaint replaced his original complaint; the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court erred in imposing monetary sanctions; the district court erred in denying his non-dispositive motions without requiring a response from the defendants and without a hearing; and the appellees' letter brief should be stricken.

The appellees have filed a motion to dismiss the appeal for want of jurisdiction. We treat Drew's "Motion for Time to Comply with Court Order to Pay Sanction and Other Requirements Necessary to Respond to the Granting of Defendants' Summary Judgment and Dismissal of Plaintiff's Cause," which clearly evinced Drew's intent to appeal, as a timely notice of appeal. See Stevens v. Heard, 674 F.2d 322 (5th Cir. 1982). Appellees' motion is therefore DENIED.

The district court did not abuse its discretion in denying Drew's motion for appointment of counsel as his case did not present exceptional circumstances. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). For the same reason, his motion to this court to appoint counsel is DENIED. Drew's motion to strike appellees' letter brief is also DENIED.

The district court implicitly granted Drew's motion to amend his complaint and, because the amended complaint did not refer to and incorporate the original complaint, it considered the original complaint abandoned. This finding was not erroneous. See King v. Dolan, 31 F.3d 344, 346 (5th Cir. 1994). We further conclude that Drew had ample notice of the imposition of monetary sanctions against him for filing frivolous motions and that he had ample

opportunity to explain why his filings were not frivolous. Any error by the district court in its imposition of sanctions was harmless. See FED. CIV. P. 61. The district court did not err in denying Drew's non-dispositive motions without requiring a response from defendants or holding hearings.

With respect to the merits of his civil rights claims, we do not consider Drew's claims regarding William Shaia and Sergeant Kilgore. His claims against Shaia were abandoned in his amended complaint, and the district court did not allow Drew to add Kilgore as a defendant to the suit. Drew's conclusory claim that he was denied medical treatment fails to establish a violation by the defendants of a constitutional right and, thus, will not be considered.

Drew argues that defendants Hassel R. Terry, Alton Dale Caskey, James Eldridge and Daniel Schmedthorst, all officials or employees of the Texas Department of Criminal Justice-Institutional Division, acted with deliberate indifference by failing to protect him from physical injuries he sustained as a result of an altercation with another inmate. Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994); see also Horton v. Cockrell, 70 F.3d 397, 400-02 (5th Cir. 1995). To establish a failure-to-protect claim, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm, and that the prison official's

state of mind [was] one of deliberate indifference to the prisoner's health or safety." Horton, 70 F.3d at 401. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847.

Drew attempts to incorporate by reference his motion in opposition to Schmedthorst's summary judgment motion. This is not permitted. See Perillo v. Johnson, 79 F.3d 441, 443 n.1 (5th Cir. 1996). After applying a *de novo* standard of review, we conclude that the district court did not err in granting Schmedthorst's motion for summary judgment and in dismissing Drew's claims against Eldridge under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim as Drew failed to show that either of these defendants acted with deliberate indifference. See Melton v. Teachers Ins. & Annuity Ass'n of Am., 114 F.3d 557, 559 (5th Cir. 1997); Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998); Farmer, 511 U.S. at 847; Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989).

Drew does not challenge on appeal the district court's conclusion that his claims against Terry and Caskey in their official capacities were barred by the Eleventh Amendment. Issues that are not argued on appeal are deemed abandoned. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

In conclusion, the appellees' motion to dismiss the appeal for lack of jurisdiction and Drew's motions for appointment of counsel and to strike the appellees' letter brief are DENIED. The district court's final judgment, granting Schmedthorst's summary judgment motion and dismissing Drew's claims against Eldridge, Terry, and Caskey as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B), is AFFIRMED.

MOTIONS DENIED; AFFIRMED.