Albert EDMOND, Plaintiff–Appellant,

v.

Monty EAVES; James Johnson, Chief of Security I; Florence Jones, Assistant Director of Office Services; Renee Bolton, Captain; Jackie Lancaster, Former Lieutenant, Defendants–Appellees.

No. 02–60595.

Summary Calendar

United States Court of Appeals, Fifth Circuit.

July 3, 2003.

---

**160**

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM.*

Albert Edmond, Mississippi prisoner # 30523, appeals the magistrate judge's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief could be granted. Edmond's "Motion for Other Relief" is DENIED.

This court reviews a 28 U.S.C. § 1915(e)(2)(B)(ii) dismissal for failure to state a claim using the same *de novo* standard of review used for reviewing a dismissal under FED. R. CIV. P. 12(b)(6). *Black v. Warren,* 134 F.3d 732, 734 (5th Cir.1998). All of the plaintiff's factual allegations are accepted as true, and the dismissal will be upheld "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Moore v. Carwell,* 168 F.3d 234, 236 (5th Cir.1999) (internal quotations and citations omitted).

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. *Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see also Horton v. Cockrell,* 70 F.3d 397, 400–02 (5th Cir.1995). A prison official may not escape liability in a failure-to-protect claim "by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Farmer,* 511 U.S. at 843, 114 S.Ct. 1970.

Edmond alleged that the former students/gang members had assaulted other tutors; that although he received some respect in comparison to the white tutors, the former students had threatened his safety after being dismissed from his class; that he communicated these threats to his supervisor, who informed the defendants of the threats; that his repeated requests to be transferred to another unit away from the students were denied; and that he thereafter was assaulted by a gang member and transferred to another unit. Taken as true, these allegations state a failure-to-protect claim under the Eighth Amendment. *See Farmer,* 511 U.S. at 834, 837, 847, 114 S.Ct. 1970; *Horton,* 70 F.3d at 401. Whether the facts ultimately will prove a failure-to-protect claim is not a question to be answered at this stage of the proceedings.

Accordingly, the judgment of the magistrate judge is VACATED, and the case is REMANDED for further proceedings.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.