**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-50529
Summary Calendar

LACANDY HILL

Plaintiff-Appellant

v.

RITA THOMAS, Warden; ANGELA BURDETTE, Assistant Warden; TABITHA
HEFNER, Sergeant; CARL MCCORMICK, Sergeant; JAMES D JENKINS,
Sergeant; JENETTA WALKER, Officer; CRISSIE L TARVER, Officer; RHONDA
F BIRD, Officer; CARMEN M WHITMORE, Officer

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CV-159

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

LaCandy Hill, Texas prisoner # 1088279, appeals the district court's
dismissal of her 42 U.S.C. § 1983 civil rights complaint for failure to state a
claim. Hill asserted that the defendants failed to protect her from an assault by
another prisoner. Hill sought compensatory and punitive damages.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We review the dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim under the same *de novo* standard of review applicable to dismissals made pursuant to FED. R. CIV. P. 12(b)(6). *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (*de novo* review of dismissal for failure to state a claim under FED. R. CIV. P. 12(b)(6)).

Hill contends that the district court wrongly dismissed her claims against the defendants, but she refers only to defendants Hefner and Jenkins by name in her brief. To the extent that Hill raised claims in her complaint against other defendants, she has abandoned those claims by failing to raise them on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (even *pro se* litigants must brief arguments in order to preserve them).

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *see also Horton v. Cockrell*, 70 F.3d 397, 400-01 (5th Cir. 1995). However, not every injury "by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer*, 511 U.S. at 834. To establish a failure-to-protect claim, Hill must show that she was detained "under conditions posing a substantial risk of serious harm and that [the defendants] were deliberately indifferent to [her] need for protection." *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995). "In order to act with deliberate indifference, 'the [defendants] must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837).

Hill has failed to show that the defendants had the requisite knowledge that a substantial risk of serious harm existed prior to the incident at issue in her complaint. Even assuming that the allegations in the complaint are true, Hill has failed to demonstrate that the defendants acted with deliberate

indifference. The defendants' failure to prevent the attack was, at most, negligent. However, mere negligence in failing to protect a prisoner from an assault does not form the basis of a failure-to-protect claim. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990).

Accordingly, the judgment of the district court is AFFIRMED.