**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2009

Charles R. Fulbruge III
Clerk

No. 07-60955
Summary Calendar

LATRELL ADAMS,

Plaintiff–Appellant,

v.

CHRISTOPHER EPPS, MDOC Commissioner; LAWRENCE KELLY, MSP
Superintendent; DARLESTER FOSTER, Deputy Warden,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:07-CV-131

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Latrell Adams filed a 42 U.S.C. § 1983 lawsuit against various Mississippi state prison officials alleging that he should have been transferred from a Mississippi prison to a Kentucky prison under the Interstate Corrections Compact (ICC). The district court dismissed Adams's lawsuit pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (g) for failure to state a claim on which relief could be granted. Adams has appealed the district court's decision, arguing that he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should be transferred because his life is at risk, and he moves to expedite the appeal.

Adams does not have any constitutional interest in educational or rehabilitation programs provided by the prison pursuant to the ICC. *See Esparza v. Deputy*, No. 93-8665, 1994 WL 122158 (5th Cir. Mar. 25, 1994). Furthermore, Adams does not have a protectable property or liberty interest in where he is housed. *See Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). Finally, Adams has failed to allege facts which warrant judicial intervention with respect to the prison's decisions regarding Adams's housing assignment. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Horton v. Cockrell*, 70 F.3d 397, 400-02 (5th Cir. 1995).

The district court's dismissal of Adams's complaint for failure to state a claim counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Adams is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; MOTION TO EXPEDITE APPEAL DENIED; SANCTION WARNING ISSUED.