# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 28, 2010

Lyle W. Cayce
Clerk

No. 09-41252
Summary Calendar

DEDRICK LAMONE JENKINS,

Plaintiff-Appellant

v.

BRAD LIVINGSTON; TODD FOXWORTH; MARK DEARING,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-411

Before DEMOSS, STEWART, and ELROD, Circuit Judges

PER CURIAM:[*]

Dedrick Lamone Jenkins, Texas prisoner # 1307915, appeals the dismissal of his 42 U.S.C. § 1983 complaint, which pertained to a prison disciplinary conviction he received following the alleged theft of his property by an inmate named Ronald Davis and his physical altercation with Davis. Jenkins named as defendants Brad Livingston, the executive director of the Texas Department of Criminal Justice; Todd Foxworth, warden of the unit where Jenkins was housed; and Mark Dearing, a sergeant involved in Jenkins's disciplinary case.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's dismissal of Jenkins's complaint pursuant to 28 U.S.C. § 1915A(b)(1) is reviewed de novo. *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

Jenkins first challenges the district court's dismissal of his claim of deliberate indifference to his safety. Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). However, not every injury inflicted by one inmate against another inmate rises to the level of a constitutional violation. *Id.* at 834; *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995). To establish a failure-to-protect claim, an inmate must show that the conditions of his incarceration posed "a substantial risk of serious harm" and that prison officials were deliberately indifferent to his need for protection. *Farmer*, 511 U.S. at 834. Because Jenkins did not allege in the district court that the defendants knew he would be attacked by Davis or knew he otherwise faced an excessive risk to his health or safety, the district court did not err in dismissing his claim of deliberate indifference to his safety. *See Farmer*, 511 U.S. at 837.

Second, Jenkins complains that the inadequate investigation of and response to Davis's alleged theft and assault resulted in the loss of Jenkins's fan and watch. The Fourteenth Amendment protects against the deprivation of one's property by state actors without due process of law. *Parratt v. Taylor*, 451 U.S. 527, 536-37 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). However, where the individuals acting under the color of state law infringe a property interest through "random and unauthorized" acts, the existence of adequate postdeprivation state remedies satisfies procedural due process requirements by providing a means of redress for the property deprivation and, accordingly, justifies dismissal of a § 1983 claim that is based on the infringement. *Id.* at 537-43; *Augustine v. Doe*, 740 F.2d 322, 327-28 (5th Cir. 1984). Because Texas provides an adequate state postdeprivation

2

remedy, the district court did not err in dismissing Jenkins's claim of property loss resulting from any deficiency in the defendants' response to Davis's conduct. *See Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994).

Third, Jenkins contends that his procedural due process rights were violated with respect to his disciplinary conviction. Jenkins would be entitled to procedural due process with respect to his disciplinary proceeding if the hearing implicated a protected liberty interest. *See Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Jenkins alleged that his disciplinary conviction resulted in a punishment of 15 days of commissary restriction and one day of solitary confinement, as well as a two-year set off in his parole. None of those consequences implicated a protected liberty interest. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (commissary restriction); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (solitary confinement); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995) (parole). Additionally, any property interest stemming from the loss of Jenkins's fan and watch was not implicated by his disciplinary conviction because, according to Jenkins's allegations, those items were stolen by Davis before Jenkins's disciplinary complaint was filed.

Fourth, Jenkins contends that Foxworth's response to the grievance Jenkins filed regarding the loss of his fan and watch constituted discrimination based on Jenkins's severe mental disorder. To the extent that Jenkins claims discrimination based on violation of a prison regulation, we will not consider the claim because it is raised for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). In any event, a claim based on a prison regulation violation would not be cognizable under § 1983 because "[a] claim for relief under § 1983 must allege the deprivation of a right secured by the Constitution or the laws of the United States by a defendant acting under color of state law." *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). Insofar as Jenkins's contention may be liberally construed as pertaining to the district court's dismissal of his discrimination claim under the Americans with

Disabilities Act (ADA), Jenkins has not briefed any argument challenging the reasons for the district court's decision and thus has failed to show that the district court erred in dismissing his ADA claim. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Fifth, Jenkins contends that the magistrate judge erred by not responding to his objections to the magistrate judge's report and recommendation. This contention is unavailing because the district court conducted a de novo review of Jenkins's objections to the report and recommendation and determined that they were without merit.

Jenkins's contentions challenging the district court's dismissal of his § 1983 complaint are unavailing. Accordingly, the district court's judgment is AFFIRMED.