# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10299
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 28, 2020

Lyle W. Cayce
Clerk

DELBERT GLENN ROGERS,

Plaintiff-Appellant

v.

PETER CASWELL, Case Manager; MICHAEL SEARCY, Operation Specialist; KARA GOUGLER, Civil Commitment Manager; KRISTIAN LUERA, M.A., LPC-Intern, ASOTP,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CV-181

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Delbert Glenn Rogers, currently resident # 02634254 at the Texas Civil Commitment Center, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B). By moving to proceed IFP, he is challenging the district court's certification decision that his appeal is not taken in good faith under 28

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1915(a)(3). *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is limited to whether the appeal "involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

On appeal, Rogers challenges the requirement that he wear a monitor as a condition of his civil commitment. He raises this argument for the first time on appeal, and, thus, we need not consider it. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Rogers asserts that the district court wrongly denied his second request to amend his § 1983 complaint on the ground that the pleading did not contain adequate factual allegations. However, the request was denied because Rogers did not follow a local court rule requiring that a proposed amended pleading be filed with a motion seeking leave to amend or supplement the initial pleading. Thus, the district court did not abuse its discretion in denying the request. *See Horton v. Cockrell*, 70 F.3d 397, 402 (5th Cir. 1996); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979). To the extent that Rogers challenges the district court's order that he respond to a questionnaire to clarify his claims after he filed his complaint, the order was appropriate. *See Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976).

Moreover, Rogers argues that Peter Caswell, his case manager, exhibited deliberate indifference to his medical needs. However, the facts do not reflect that the condition about which he informed Caswell—i.e., warmth from a leg monitor worn as a condition of his commitment—is a medical need for which treatment is recommended or is a condition that is so obvious that even laymen would recognize that care is needed. *See Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006). Even if warmth is a serious medical need, Rogers did not state that Caswell was aware of facts from which he could infer that the injury suffered by Rogers was indicative or suggestive of a serious medical need, drew

the inference, and unnecessarily caused harm with his response. *See Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009). At worst, Caswell was negligent in his assessment of the harm caused by the monitor, which does not establish a claim for deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994); *Gobert*, 463 F.3d at 346.

According to Rogers, the leg monitor ultimately burned him while Caswell was away on vacation and he was not treated until Caswell returned and approved medical care. To the extent that Rogers maintains that the delay in treatment should be imputed to Caswell, his claim is unavailing. He has failed to allege facts suggesting that any injury caused by the leg monitor was serious enough to require care earlier than he received it or that the delay exacerbated his injury to the point that it became a serious medical need. In effect, Rogers failed to allege that any delay resulted from deliberate indifference and caused substantial harm. *See Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).

Contending that he was targeted for retaliation after he filed grievances, Rogers asserts that Kristian Luera, a care worker, threatened him and conspired with Caswell to conceal their misconduct by fabricating and altering records. He asserts that, because of these actions, he did not advance to the next tier of his treatment program.

While Rogers asserted a constitutional right that he exercised (i.e., filing grievances), *see Morris v. Powell*, 449 F.3d 682, 684-86 (5th Cir. 2006), he failed to allege with specificity the other elements of a claim for retaliation. He has not alleged that a defendant intended to retaliate against him because he filed grievances and that he experienced an adverse action because of a retaliatory motive. *See Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). His belief that he was targeted does not state a claim for retaliation, *see id.* at 325, and

his assertion that there was a conspiracy against him is conclusory, *see Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992).

Rogers contends that Kara Gougler, the civil commitment manager at the Texas Civil Commitment Office, and Michael Searcy, an operation specialist in charge of the grievance process, engaged in a cover-up of misconduct and abuse of power. He maintains that Gougler mishandled grievances and that she and Searcy did not act after being informed through the grievance process of others' misbehavior. Rogers asserts that Gougler and Searcy are responsible based on their roles as supervisors.

Because Rogers has no right to have his grievances resolved in his favor or to have his complaints reviewed pursuant to his preferred process, his assertion that Gougler and Searcy are responsible for constitutional violations due to their involvement in the grievance process is unavailing. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005). Also, he has not alleged a basis for supervisory liability because he neither specifies a constitutional violation in which they were involved nor ascribes to them an unconstitutional policy. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

Finally, Rogers argues that he was denied medical care and was targeted due to his race. However, he does not allege an act that reflects discriminatory animus or offer facts showing that, due to his race, he was treated differently than a similarly situated person. *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995); *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992).

Rogers has not shown that the district court erred in certifying that his appeal was not taken in good faith. Accordingly, his IFP motion is denied. *See Baugh*, 117 F.3d at 202. The appeal lacks arguable merit and is dismissed as frivolous. *See id.* at 202 n.24; *Howard*, 707 F.2d at 219-20; 5TH CIR. R. 42.2.

IFP DENIED; APPEAL DISMISSED.